ORIGINAL

# In the United States Court of Federal Claims

No. 14-76C
(Filed: August 11, 2014)

FILED
AUG 11 2014
U.S. COURT OF
FEDERAL CLAIMS

```
*****************************
JUDITH SCRASE,                *
                              *    Motion to Dismiss; Motion for Appointment
              Plaintiff,      *    of Counsel; Application to Proceed In
                              *    Forma Pauperis; Pro Se Plaintiff; Fifth
v.                            *    Amendment Taking; Fourteenth
                              *    Amendment; Statute of Limitations; Res
THE UNITED STATES,            *    Judicata; Issue Preclusion
                              *
              Defendant.      *
*****************************
```

Judith Scrase, Las Vegas, NV, pro se.

Sharon A. Snyder, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

Plaintiff Judith Scrase, acting pro se and seeking to proceed in forma pauperis, alleges that the United States, through the National Park Service, took her property without just compensation in violation of the Fifth Amendment to the United States Constitution. Defendant moves to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the court grants defendant's motion and dismisses plaintiff's complaint for lack of jurisdiction.

### I. BACKGROUND

The National Park Service has authorized a concessionaire to operate a long-term trailer village in the Lake Mead National Recreation Area.[1] Plaintiff leased a site at this trailer village–now called the Lake Mead R.V. Village–on April 30, 2001. Plaintiff's lease was on a month-to-month basis, and subject to termination by either party with thirty days notice. A certificate of title to a trailer was issued to plaintiff on August 24, 2001; it is unclear whether this trailer was already present on the leased site or was subsequently moved there. The lease provided that plaintiff was permitted to occupy the trailer on the leased site for only 180 days

---

[1] The court derives the facts in this section from plaintiff's complaint and the exhibits attached to the complaint.

each calendar year and that plaintiff could not sell the trailer, with the trailer to remain on site, without the permission of the concessionaire.

In March 2006, plaintiff contemplated selling the trailer to her son. She therefore obtained an appraisal, which valued the trailer at $24,448. However, her son decided that he did not want to purchase the trailer, which led to plaintiff's decision to sell the trailer to a third party.

Before she could do so, plaintiff was provided notice, on August 6, 2006, that her month-to-month tenancy was being terminated by the concessionaire effective September 30, 2006. The concessionaire subsequently initiated eviction proceedings, and after a hearing on January 16, 2007, a Nevada court granted a summary eviction. The court stayed the eviction until February 7, 2007, to allow plaintiff to remove her trailer from the leased site. Plaintiff did not move the trailer, and the concessionaire placed a landlord's lien on it. The lien was satisfied on September 7, 2007, when the concessionaire purchased the trailer at auction. Title to the trailer was officially transferred to the concessionaire on December 17, 2007. The trailer was subsequently dismantled and moved to another part of the trailer village–what plaintiff refers to as the graveyard–on September 26, 2008. Plaintiff was never granted permission to sell her trailer on site to a third party.

Plaintiff has filed several lawsuits challenging the termination of her lease, the subsequent eviction, and the disposition of her trailer,[2] including an earlier lawsuit in the United States Court of Federal Claims ("Court of Federal Claims").[3] In this latter lawsuit, plaintiff alleged that she was restricted from selling her trailer on site, resulting in a Fifth Amendment taking. After reviewing the parties' briefs, the court in that case dismissed plaintiff's complaint for failure to state a claim upon which it could grant relief because plaintiff did not establish that she had a compensable right to sell her trailer on site. Final judgment issued.

The claims asserted by plaintiff in this lawsuit echo those in her earlier lawsuit in this court. Specifically, in her January 27, 2014 complaint, plaintiff alleges that defendant interfered with her rights to occupy her trailer on the leased site for 180 days per year and to sell her trailer on site. She further contends that by allowing the termination of her lease, eviction, and disposition of her trailer, defendant took her property without just compensation in violation of the Fifth Amendment and violated her rights to due process and equal protection under the Fourteenth Amendment. She seeks $75,000 in damages, attorney's fees and costs, and any other compensation deemed just and proper. Along with her complaint, plaintiff filed an application to proceed in forma pauperis. She subsequently filed a motion for the appointment of counsel on her behalf.

---

[2] Some of these lawsuits resulted in unpublished decisions. See, e.g., Scrase v. Forever Resorts, No. 2:12-cv-00983-KJD-PAL, 2013 WL 3198339 (D. Nev. June 21, 2013); Scrase v. Dickinson, No. 2:09-cv-02398-RLH-GWF, 2011 WL 3714632 (D. Nev. Aug. 24, 2011).

[3] See Scrase v. United States, No. 12-056C, 2012 WL 1645335 (Fed. Cl. May 10, 2012).

Defendant moves to dismiss plaintiff's complaint on two grounds. First, under RCFC 12(b)(1), defendant contends that the court lacks jurisdiction to entertain plaintiff's claims because her complaint was untimely. Second, under RCFC 12(b)(6), defendant contends that plaintiff's claims are barred under the doctrine of res judicata. The parties have fully briefed defendant's motion–plaintiff filed a response, defendant filed a reply, and plaintiff, with the court's permission, filed a "second response." Finding oral argument unnecessary, the court is prepared to rule.

## II. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

At the close of briefing on defendant's motion to dismiss, plaintiff filed a motion requesting that the court appoint counsel on her behalf. The Court of Federal Claims "has the ability to cause the appointment of counsel in civil cases" pursuant to 28 U.S.C. § 1915(e)(1). Washington v. United States, 93 Fed. Cl. 706, 708 (2010). "However, that power should only be exercised in extreme circumstances," such as "when quasi-criminal penalties or severe civil remedies are at stake . . . ." Id. Such extreme circumstances are not present in this case. Therefore, the court must deny plaintiff's motion.

## III. DEFENDANT'S MOTION TO DISMISS

### A. Standard of Review

In ruling on a motion to dismiss filed pursuant to RCFC 12(b), the court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). With respect to RCFC 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of the evidence, that the court possesses subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Although complaints filed by plaintiffs proceeding pro se are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972), a pro se plaintiff is not excused from meeting basic jurisdictional requirements, Henke, 60 F.3d at 799. If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

A claim that survives a jurisdictional challenge remains subject to dismissal under RCFC 12(b)(6) if it does not provide a basis for the court to grant relief. Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002) ("A motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy."). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007). Indeed, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-19 (1982).

### B. Subject Matter Jurisdiction

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court sua sponte may challenge the existence of subject matter jurisdiction at any time. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

The ability of the Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). Further, "[w]hen waiver legislation contains a statute of limitations, the limitations provision constitutes a condition on the waiver of sovereign immunity." Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012). In addition, any claim against the United States filed in the Court of Federal Claims must be "filed within six years after such claim first accrues." Id. § 2501; see also John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133-35 (2008) (providing that the limitations period set forth in 28 U.S.C. § 2501 is an "absolute" limit on the ability of the Court of Federal Claims to reach the merits of a claim).

### C. The Court Lacks Jurisdiction to Entertain Claims Under the Fourteenth Amendment

Although plaintiff's primary claim arises under the Fifth Amendment, plaintiff also alleges that defendant violated her due process and equal protection rights under the Fourteenth Amendment. However, the court lacks jurisdiction to entertain such claims because the Fourteenth Amendment is not a money-mandating constitutional provision. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."). Thus, these claims must be dismissed.

### D. Plaintiff's Complaint Is Untimely

The court possesses jurisdiction to entertain Fifth Amendment takings claims, but may exercise that jurisdiction only if the claims are filed within six years of their accrual. "A claim first accrues within the meaning of the statute of limitations when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." Brown Park Estates-Fairfield Dev. Co. v. United States, 127 F.3d 1449, 1455 (Fed. Cir. 1997) (internal quotation marks omitted). "A claimant under the Fifth Amendment must show that the United States, by some specific action, took a private property interest for a public use without just compensation. Therefore, a claim under the Fifth Amendment accrues when that taking action occurs." Alliance of Descendants of Tex. Land Grants v. United States, 37 F.3d 1478, 1481 (Fed. Cir. 1994) (citation omitted).

Here, plaintiff alleges that the termination of her lease on September 30, 2006, her eviction on February 7, 2007, and the transfer of title to her trailer on December 17, 2007, resulted in the uncompensated taking of her property. The last of these events–the transfer of title–terminated plaintiff's property interest in the trailer. Because possession of a property interest is a necessary prerequisite to establishing a Fifth Amendment taking, any action by defendant (through the concessionaire) after December 17, 2007, could not have constituted a Fifth Amendment taking. See Air Pegasus of D.C., Inc. v. United States, 424 F.3d 1206, 1212-13 (Fed. Cir. 2005) (noting that to establish the occurrence of a Fifth Amendment taking, a plaintiff must show that he or she possesses a valid property interest and that the government's action "'amounts to a compensable taking of that property interest.'" (quoting Am. Pelagic Fishing Co. v. United States, 379 F.3d 1363, 1372 (Fed. Cir. 2004))). Accordingly, the latest date on which plaintiff's Fifth Amendment taking claim could have accrued was December 17, 2007. Because the complaint was filed on January 27, 2014, more than six years later, it must be dismissed as untimely.

### E. Plaintiff's Complaint Is Barred Under the Doctrine of Res Judicata

Even if plaintiff timely filed her complaint, it would be subject to dismissal pursuant to the doctrine of res judicata. Res judicata, as the term is commonly used, encompasses the related concepts of claim preclusion and issue preclusion. Nasalok Coating Corp. v. Nylok Corp., 522 F.3d 1320, 1323 (Fed. Cir. 2008); Sharp Kabushiki Kaisha v. Thinksharp, Inc., 448 F.3d 1368, 1370 (Fed. Cir. 2006). "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). In contrast, "[i]ssue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel." Id. (citation omitted). The latter concept is applicable in this case.

To establish issue preclusion, the following four elements must be satisfied:

(1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action.

In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). Issue preclusion is properly raised in an RCFC 12(b)(6) motion. Copar Pumice Co. v. United States, 112 Fed. Cl. 515, 527 (2013).

In both this case and the case she previously filed in the Court of Federal Claims, plaintiff alleged a Fifth Amendment taking by the United States arising from the termination of her lease, her eviction, and the disposition of her trailer. Further, after providing plaintiff a full opportunity to be heard, the court in the earlier lawsuit dismissed her complaint, issuing a final judgment on merits. The elements of issue preclusion have therefore been satisfied. Thus, if the court possessed jurisdiction to entertain plaintiff's claims, it would be required to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted.

## IV. APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff filed, concurrent with her complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, the Court of Federal Claims may waive filing fees and security under certain circumstances. See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Here, plaintiff has satisfied all three requirements. Accordingly, the court grants plaintiff's application and waives her filing fee.

## V. CONCLUSION

For the reasons set forth above, the court **DENIES** plaintiff's motion for appointment of counsel and **GRANTS** plaintiff's application to proceed in forma pauperis. In addition, the court **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's complaint for lack of jurisdiction. No costs. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

/s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge